FILED ✓    RECEIVED ___
ENTERED ___    SERVED ON ___
COUNSEL/PARTIES OF RECORD

APR 1 9 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHERINE AINSWORTH, | ) |
| Plaintiff, | ) 2:11-cv-0007-LRH-PAL |
| v. | ) ORDER |
| PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC., | ) |
| Defendant. | ) |

Before the court is defendant Paramount Residential Mortgage Group, Inc's ("Paramount") motion to compel binding arbitration. Doc. #19.[1] Plaintiff Katherine Ainsworth ("Ainsworth") filed an opposition (Doc. #21) to which Paramount replied (Doc. #23).

I.   **Facts and Procedural History**

In July 2008, Ainsworth was hired by Paramount as a "funder/doc drawer." Shortly after beginning her employment, Ainsworth attended a new-hire training session and was presented with a new-hire packet. Enclosed in the new-hire packet was a mandatory arbitration agreement which Ainsworth signed and returned to Paramount.[2] The arbitration agreement provides in pertinent part:

> Except for exclusively monetary claims of less than $5,000.00, I agree that any dispute or controversy which would otherwise require or allow resort to any court or other governmental dispute resolution forum, between myself and [Paramount]

---

[1] Refers to the court's docketing number.

[2] A copy of the signed arbitration agreement is attached as Exhibit A to Paramount's motion to compel arbitration. *See* Doc. #19, Exhibit A.

arising from, related to, or having relationship or connection whatsoever with my seeking employment with, employment by, or other association with [Paramount] (including claims for discrimination/harassment/retaliation under the Fair Employment Housing Act) shall be submitted to and determined by binding arbitration . . . the company will pay all or some of the costs of arbitration in conformity with the requirements imposed by the applicable state law at the time of enforcement of the agreement . . . .

Doc. #18, Exhibit A.

On December 3, 2010, Ainsworth filed a complaint against Paramount for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. Doc. #1, Exhibit A. On January 6, 2011, Ainsworth filed an amended complaint against Paramount alleging two causes of action: (1) violation of the FLSA for failure to pay overtime compensation; and (2) violation of NRS §608.018 for failure to pay overtime compensation. Doc. #5. Thereafter, Paramount filed the present motion to compel binding arbitration and stay all further judicial proceedings. Doc. #19.

## II.   Discussion

The Federal Arbitration Act ("FAA"), found at 9 U.S.C. §1 *et seq.*, requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. 9 U.S.C. § 3. In determining whether to compel arbitration under the FAA, the court must determine whether: (1) there is an agreement between the parties to arbitrate; (2) the claims at issue fall within the scope of the arbitration agreement; and (3) the arbitration agreement is valid and enforceable. *Lifescan, Inc. v. Permier Diabetic Services, Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

Ainsworth concedes that there is an agreement to arbitrate employment disputes between her and Paramount and that her claims against Paramount for failure to pay overtime compensation fall within the scope of that agreement. *See* Doc. #21. However, Ainsworth argues that the arbitration agreement is unconscionable, and as such, is not a valid and enforceable agreement upon which the court can compel arbitration. *Id.*

2

Arbitration clauses are to be construed liberally in favor of arbitration. *Mikohn Gaming Corp. v. Mcrea*, 89 P.3d 36, 39 (Nev. 2004). Under both the FAA and Nevada law, there is a presumption that an arbitration clause is valid and enforceable. *See* 9 U.S.C. § 2; NRS 38.219(1); *see also, Bayma v. Smith Barney, Harris Upham and Co., Inc.*, 784 F.2d 1023, 1024 (9th Cir. 1986); *State ex rel. Masto v. Second Jud. Dist. Court ex rel. Cty. of Washoe*, 199 P.3d 828, 832 (Nev. 2009). In order for a court to exercise its discretion and refuse to enforce an arbitration agreement as unconscionable, the court must find that the arbitration agreement is both procedurally and substantively unconscionable. *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004).

### A. Procedural Unconscionability

An arbitration agreement is procedurally unconscionable "when a party lacks a meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." *D.R. Horton*, 96 P.3d at 1162.

Ainsworth argues that the arbitration agreement at issue here is procedurally unconscionable because it is an adhesion contract. *See* Doc. #21. An adhesion contract is one that is (1) written in a standard form, using boiler-plate provisions, (2) drafted solely by the party in a stronger bargaining position, and (3) is imposed on the other party on a take-it or leave-it basis. *See e.g., Kindred v. Second Judicial Dist. Ct.*, 996 P.2d 903, 907 (Nev. 2000).

The court has reviewed the documents and pleadings on file in this matter and finds that the arbitration agreement between Paramount and Ainsworth is an adhesion contract, and therefore, is procedurally unconscionable. The agreement was a standard form using boiler-plate language drafted solely by Paramount. There was no opportunity or ability for her to negotiate the terms of the agreement or opt-out of the agreement. Further, the agreement was provided to Ainsworth on a take-it-or-leave-it basis after she began her employment as part of the new-hire packet. As such,

Ainsworth alleges that she believed the agreement was required for her to maintain her employment. Therefore, the court finds that based on the circumstances surrounding the arbitration agreement that it is a procedurally unconscionable adhesion contract. *See e.g., Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1073 (9th Cir. 2007) (holding that an agreement that is a prerequisite for continued employment, that cannot be modified by the employee, and was presented on a take-it-or-leave-it basis is procedurally unconscionable as an adhesion contract).

### B. Substantive Unconscionability

The determination of substantive unconscionability focuses on the one-sidedness of the terms in the arbitration agreement. *See D.R. Horton*, 96 P.3d at 1162-63; *see also, Davis*, 485 F.3d at 1075 ("Substantive unconscionability . . . focuses on the terms of the agreement and whether those terms are so one-sided as to shock the conscience."). Generally, "the agreement is unconscionable unless the arbitration remedy contains a 'modicum of bilaterality.'" *D.R. Horton*, 96 P.3d at 1165 (citing *Tine v. AT&T*, 319 F.3d 1126, 1148-49 (9th Cir. 2003).

Here, the court finds that the arbitration agreement between Paramount and Ainsworth is not substantively unconscionable. The arbitration agreement provides that both parties are bound to the terms of the agreement and both parties have the ability to initiate arbitration proceedings against the other for any employment dispute without the other parties consent. Had Paramount requested Ainsworth's claims to be heard in court, Ainsworth had the ability to force Paramount to arbitrate her claims regardless of Paramount's request. Further, the arbitration agreement provides that Paramount has the obligation to pay for all expenses related to arbitration regardless of whether or not they are the initiating party. Thus, an employee forced to arbitrate their claims against Paramount does not have the burden to pay any arbitration costs. Therefore, the court finds that the arbitration agreement at issue in this matter is not so "one-sided as to shock the conscience" that it is substantively unconscionable. *Davis*, 485 F.3d at 1075.

Because the court finds that the arbitration agreement is not both procedurally and

4

substantively unconscionable, the court finds that the arbitration agreement is valid and enforceable. Accordingly, pursuant to the FAA, the court shall grant Paramount's motion to compel arbitration and stay this action pending completion of arbitration.

IT IS THEREFORE ORDERED that defendant's motion to compel binding arbitration and stay the present action (Doc. #19) is GRANTED.

IT IS FURTHER ORDERED that the present action, case no. 2:11-cv-0007, is STAYED pending further order of this court at completion of binding arbitration.

IT IS FURTHER ORDERED that defendant shall file a notice with the court at the initiation and close of arbitration proceedings, and provide the court with a copy of the final arbitration order. The clerk of court is directed to CLOSE this action administratively pending receipt of such notice.

IT IS SO ORDERED.

DATED this 18 day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5